UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF MISSISSIPPI

Sarah Morris,

Case No.: 3:18CV137-MPM-RP

Plaintiff,

**ORIGINAL COMPLAINT**

VS.

**WITH JURY TRIAL DEMAND**

Jon Barry & Associates, Inc.,

Defendant.

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**PRELIMINARY STATEMENT**

This action for statutory damages is based on Defendant's frequent and unauthorized calls to Plaintiff's cellular telephone to collect a purported consumer debt. Plaintiff seeks monetary relief based on Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.

**PARTIES**

1. Plaintiff, Sarah Morris, is, and all times mentioned herein was, a natural person who resides in Tunica County, Mississippi.

1

2. Defendant, Jon Barry & Associates, Inc., DBA Paragon Revenue Group, is a corporation organized under the laws of the State of North Carolina and doing business in Mississippi and in the County of Tunica, within this judicial district.

3. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by FDCPA, 15 USC. §1692a(5).

4. Defendant is a "debt collector" as defined by FDCPA, 15 USC § 1692a(6).

5. At all relevant times hereto, Defendant acted through its agents, employees, officers, members, directors, and/or representatives.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over Plaintiff's TCPA claim pursuant to 28 USC § 1331 and 47 USC § 227(b)(3). See *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012) (holding federal district courts have federal question jurisdiction over TCPA claims).

7. This Court has personal jurisdiction over Defendant because Defendant frequently and routinely conducts business in the State of Mississippi, including the conduct contained herein.

8. Pursuant to 28 USC § 1391, venue is proper in the Northern District of Mississippi because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

9. Plaintiff is the subscriber for the cellular telephone with the number 662-719-8725 (the "Cell Phone").

10. Beginning no later than September 7'th, 2017, Plaintiff began receiving calls on her Cell Phone from Defendant seeking to collect a debt.

11. Defendant's calls to Plaintiff were made from phone number 800-560-6169.

12. Phone number 800-560-6169 is a number that is controlled or utilized by Defendant.

13. From September 7'th, 2017 to January 16'th, 2018 Plaintiff received at least twenty-four (24) similar calls.

14. When Plaintiff answered calls from Defendant, she heard pauses and/or clicks and a delay at the beginning of the calls.

15. Upon information and belief, Defendant used an auto dialer and/or predictive dialing equipment to make its calls to Plaintiff.

16. Upon information and belief, Defendant used a computer or pre-recorded message to leave twenty-four (24) voicemails all with the same message and duration.

17. Plaintiff never provided consent for Defendant to call Plaintiff on Cell Phone.

18. Defendant's calls to Plaintiff had no emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

19. Rather, Defendant advised Plaintiff that its calls were for the purpose of consumer debt collection.

20. On September 7, 2017 Defendant called Plaintiff's Cell Phone at 14:26 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

3

21. On September 11, 2017 Defendant called Plaintiff's Cell Phone at 12:05 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

22. On September 13, 2017 Defendant called Plaintiff's Cell Phone at 10:32 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

23. On September 15, 2017 Defendant called Plaintiff's Cell Phone at 09:05 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

24. On September 19, 2017 Defendant called Plaintiff's Cell Phone at 10:42 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

25. On September 21, 2017 Defendant called Plaintiff's Cell Phone at 08:47 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

26. On September 26, 2017 Defendant called Plaintiff's Cell Phone at 17:02 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

27. On September 28, 2017 Defendant called Plaintiff's Cell Phone at 10:43 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

28. On September 30, 2017 Defendant called Plaintiff's Cell Phone at 08:12 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

29. On October 3, 2017 Defendant called Plaintiff's Cell Phone at 08:05 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

30. On October 5, 2017 Defendant called Plaintiff's Cell Phone at 09:37 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

31. On October 10, 2017 Defendant called Plaintiff's Cell Phone at 08:04 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

32. On October 12, 2017 Defendant called Plaintiff's Cell Phone at 10:03 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

33. On October 12, 2017 Defendant called Plaintiff's Cell Phone at 10:03 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

34. On October 16, 2017 Defendant called Plaintiff's Cell Phone at 12:18 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

35. On October 18, 2017 Defendant called Plaintiff's Cell Phone at 10:38 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

36. On October 20, 2017 Defendant called Plaintiff's Cell Phone at 08:07 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. §

227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

37. On October 24, 2017 Defendant called Plaintiff's Cell Phone at 08:03 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

38. On October 26, 2017 Defendant called Plaintiff's Cell Phone at 08:03 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

39. On October 31, 2017 Defendant called Plaintiff's Cell Phone at 11:23 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

40. On November 2, 2017 Defendant called Plaintiff's Cell Phone at 08:45 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

41. On November 7, 2017 Defendant called Plaintiff's Cell Phone at 08:53 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

42. On November 21, 2017 Defendant called Plaintiff's Cell Phone at 15:31 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

43. On December 21, 2017 Defendant called Plaintiff's Cell Phone at 13:47 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

44. On January 16, 2018 Defendant called Plaintiff's Cell Phone at 12:19 CST from 800-560-6169 using auto-dialer technology without prior permission in violation of the TCPA 47 U.S.C. § 227(b)(3)(B) and left a pre-recorded or computer generated voicemail message.

45. The contents of each voicemail from Defendant stated the following: "We have an important message from Paragon Revenue Group. This is a call from a debt collector. Please call 844-417-0384."

46. The duration of each voicemail from Defendant was seventeen (17) seconds.

## CAUSES OF ACTION
### COUNT I
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 USC § 227**

47. Plaintiff repeats and re-alleges each and every allegation above.

48. Defendant violated the Telephone Consumer Protection Act in one or more of the following ways:

> a) Defendant violated Telephone Consumer Protection Act 47 U.S.C. § 227 by calling Plaintiff's Cell Phone using auto-dialer technology without the consent of the Plaintiff. Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Adjudging that Defendant violated the TCPA.
b) Statutory damages of at least $500 per phone call, pursuant to TCPA 47 USC § 227(b)(3)(B), for a total of $12,000.
c) Awarding Plaintiff reasonable costs.
d) Such other and further relief as may be just and proper.

## TRIAL BY JURY

49. Plaintiff requests a trial by jury.

Respectfully submitted this 7th day of March, 2018.

_____
Sarah Morris, Pro Se
11594 Old Highway 61 N., Apt. 8D
Robinsonville, MS 38664
662-719-8725