IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **Sarah Morris,** | Case No. 3:18-cv-137-MPM-RP |
| **Plaintiff,** | |
| v. | |
| **Jon Barry & Associates, Inc., D/B/A PARAGON REVENUE GROUP,** | |
| **Defendant.** | |

**DEFENDANT JON BARRY & ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP'S ANSWER & AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Jon Barry & Associates, Inc., D/B/A Paragon Revenue Group ("Paragon"), by and through its attorney and for its Answer and Affirmative Defenses to the First Amended Complaint ("Complaint") [Dkt No. 4] of Sarah Morris ("Plaintiff"), in the above-entitled matter. Paragon admits Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") for statutory damages based upon alleged telephone calls made by Paragon to Plaintiff. Paragon denies each and every allegation in the Complaint, unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**RESPONSE TO PARTIES**

1. Responding to Paragraph 1, Paragon lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, denies the same, and demands strict proof t hereof.

2. Responding to Paragraph 2, Paragon admits it is a corporation organized under the laws of the State of North Carolina. Paragon lacks knowledge or information sufficient to admit or

1

deny any and all remaining allegations as "doing business" is not defined; therefore, Paragon denies the same and demands strict proof thereof.

3. Responding to Paragraph 3, Paragon admits that at certain times and under certain circumstances it engages, by the use of the mail and telephone, in attempts to collect outstanding accounts for individuals. Paragon lacks knowledge or information sufficient to admit or deny any remaining allegations in this paragraph, denies the same, and demands strict proof thereof.

4. Responding to Paragraph 4, Paragon admits that at certain times and under certain circumstances it can be defined as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Responding to Paragraph 5, Paragon admits that as a corporation it may act only through agents and employees but only so long as they act within the scope of their authority.

## RESPONSE TO JURISDICTION AND VENUE

6. Responding to Paragraph 6, Paragon admits the cited statutes purport to provide this court with jurisdiction. Notwithstanding the statement regarding statutory jurisdiction, Paragon denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff can establish Article III standing.

7. Responding to Paragraph 7, Paragon admits, based upon the allegations as pled, this Court has jurisdiction over Defendant. Notwithstanding this statement, Paragon denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff can establish Article III standing.

8. Responding to Paragraph 8, Paragon admits, based upon the allegations as pled, venue is proper in the Northern District of Mississippi. Paragon denies all liability associated with the allegations set forth in the Complaint, denies Plaintiff suffered any concrete injury, and denies Plaintiff can establish Article III standing.

## **RESPONSE TO FACTUAL ALLEGATIONS**

9. Responding to Paragraph 9, Paragon lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, denies the same, and demands strict proof thereof.

10. Responding to Paragraph 10, Paragon lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, denies the same, and demands strict proof thereof.

11. Responding to Paragraph 11, Paragon admits it made calls to Plaintiff from the telephone number 800-560-6169.

12. Responding to Paragraph 12, Paragon admits that at times it utilizes the telephone number 800-560-6169. Paragon lacks knowledge or information sufficient to admit or deny any and all remaining allegations in this paragraph and denies the same.

13. Responding to Paragraph 13, Paragon lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, denies the same, and demands strict proof thereof.

14. Responding to Paragraph 14, Paragon lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, denies the same, and demands strict proof thereof.

15. Responding to Paragraph 15, Paragon admits to attempting to contact Plaintiff. Paragon denies any and all remaining allegations in this paragraph and denies the characterization of the telephone technology used in its attempts to contact Plaintiff.

16. Responding to Paragraph 16, Paragon lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, denies the same, and demands strict proof thereof.

17. Paragon denies Paragraph 17 and demands strict proof thereof.

18. Paragon admits Paragraph 18.

19. Paragon denies Paragraph 19 and demands strict proof thereof.

20. Paragon denies Paragraph 20 and demands strict proof thereof.

21. Paragon denies Paragraph 21 and demands strict proof thereof.

22. Paragon denies Paragraph 22 and demands strict proof thereof.

23. Paragon denies Paragraph 23 and demands strict proof thereof.

24. Paragon denies Paragraph 24 and demands strict proof thereof.

25. Paragon denies Paragraph 25 and demands strict proof thereof.

26. Paragon denies Paragraph 26 and demands strict proof thereof.

27. Paragon denies Paragraph 27 and demands strict proof thereof.

28. Paragon denies Paragraph 28 and demands strict proof thereof.

29. Paragon denies Paragraph 29 and demands strict proof thereof.

30. Paragon denies Paragraph 30 and demands strict proof thereof.

31. Paragon denies Paragraph 31 and demands strict proof thereof.

32. Paragon denies Paragraph 32 and demands strict proof thereof.

33. Paragon denies Paragraph 33 and demands strict proof thereof.

34. Paragon denies Paragraph 34 and demands strict proof thereof.

35. Paragon denies Paragraph 35 and demands strict proof thereof.

36. Paragon denies Paragraph 36 and demands strict proof thereof.

37. Paragon denies Paragraph 37 and demands strict proof thereof.

38. Paragon denies Paragraph 38 and demands strict proof thereof.

39. Paragon denies Paragraph 39 and demands strict proof thereof.

40. Paragon denies Paragraph 40 and demands strict proof thereof.

41. Paragon denies Paragraph 41 and demands strict proof thereof.

42. Paragon denies Paragraph 42 and demands strict proof thereof.

43. Paragon denies Paragraph 43 and demands strict proof thereof.

44. Paragon denies Paragraph 44 and demands strict proof thereof.

45. Responding to Paragraph 45, Paragon refers to recordings which speak for themselves and denies anything inconsistent therewith.

46. Responding to Paragraph 46, Paragon lacks knowledge or information sufficient to admit or deny the allegations in this paragraph, denies the same, and demands strict proof thereof.

47. Paragon denies Paragraph 47 and demands strict proof thereof.

48. Paragon denies Paragraph 48 and demands strict proof thereof.

49. Paragon denies Paragraph 49 and demands strict proof thereof.

50. Paragon denies Paragraph 50 and demands strict proof thereof.

## RESPONSE TO CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 USC § 227

51. Paragon restates and alleges the above responses as though fully set forth herein.

52. Paragon denies Paragraph 52, including any and all subparts.

To the extent Paragon is required to respond to the paragraph following Paragraph 52, Paragon denies all allegations that any judgment for statutory damages, costs, or any such other relief is just and/or proper or available to Plaintiff. Paragon prays for an order and judgment of this Court against Plaintiff as follows:

1. dismissing all alleged causes of action against Paragon with prejudice on the merits;
2. that judgment be granted to Paragon and relief requested by Plaintiff be denied;
3. that all costs and attorney fees be awarded to Paragon; and
4. for such other relief as the Court deems just and proper.

## RESPONSE TO TRIAL BY JURY

53. Responding to Paragraph 53, Paragon denies Plaintiff has stated a claim triable by jury.

5

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has not incurred an injury in fact; therefore, Plaintiff does not have standing under Article III of the United States Constitution to bring the instant claims.

### SECOND DEFENSE

Plaintiff failed to state a claim upon which relief can be granted; therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

### THIRD DEFENSE

If any action or inaction of Paragon violated any statute, which Paragon specifically denies, the action or inaction was not intentional or willful.

### FOURTH DEFENSE

To the extent Plaintiff has been damaged, which Paragon specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from Paragon.

### FIFTH DEFENSE

Paragon contends it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard with respect to Plaintiff.

### SIXTH DEFENSE

While Paragon denies Plaintiffs have been damaged in any way, if it should be determined that Plaintiff has been damaged, Paragon alleges such damages were not caused by Paragon, but were proximately caused or contributed to by the conduct of those for whom Paragon is not responsible or liable.

## SEVENTH DEFENSE

Plaintiff's Complaint and purported claims for relief are barred because Plaintiff sustained no injury or damage as a result of any act or omission of or by Paragon

## EIGHTH DEFENSE

Plaintiff's Complaint and purported claims are barred, in whole or in part, by the doctrine of consent and/or Plaintiff's express consent.

## NINTH DEFENSE

Paragon reserves the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case and hereby reserves the right to amend its answer to assert any such defenses.

AND NOW, having fully answered the Complaint and having raised its affirmative defenses, Paragon hereby requests that this Court enter a judgment in its favor, and dismiss the Complaint against it, with prejudice, and award Paragon its costs, reasonable attorneys' fees, and such other and further relief as the Court deems proper.

THIS, the 6th day of August, 2018.

Respectfully submitted,

**JON BARRY & ASSOCIATES, INC., D/B/A PARAGON REVENUE GROUP**

By: /s/ Stephen T. Masley
    Stephen T. Masley
    One of its Attorneys

**OF COUNSEL:**

Stephen T. Masley (MSB #101870)
McGLINCHEY STAFFORD PLLC
1020 Highland Colony Parkway, Suite 702
Ridgeland, MS 39157
Telephone: (769) 524-2300
Facsimile: (601) 510-9788
Email: smasley@mcglinchey.com

*Attorney for Defendant, Jon Barry & Associates, Inc., D/B/A Paragon Revenue Group*

**CERTIFICATE OF SERVICE**

I, the undersigned Stephen T. Masley, McGlinchey Stafford PLLC, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

NONE

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

Sarah Morris
11594 Old Highway 61 N
Apt. 8D
Robinsonville, MS 38664

*Pro Se* Plaintiff

THIS, the 6th day of August, 2018.

                                        s/ Stephen T. Masley
                                        Stephen T. Masley